\*\* E-filed May 29, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLANCA MALDONADO, | No. C11-00969 HRL |
| Plaintiff, | **ORDER RE: PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | [Re: Docket Nos. 11, 13] |
| Defendant. | |

In this Social Security action, plaintiff Blanca Maldonado appeals a final decision by the Commissioner ("defendant") denying her application for Social Security disability insurance benefits. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Upon consideration on the moving papers, and for the reasons set for below, plaintiff's motion for summary judgment is DENIED, and defendant's motion for summary judgment is GRANTED. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

BACKGROUND

Blanca Maldonado was 48 years old when the Administrative Law Judge ("ALJ") rendered the decision under review in this action. Dkt. No. 11, p. 2-3 (Plaintiff's Motion for Summary Judgment, or "Plaintiff's MSJ"); Administrative Record ("AR") 156 ("Proof of Age"). Her prior work experience is as a commercial cleaner. AR 32. She claims disability since November 15, 2007,

1  when she suffered a stroke. Plaintiff's MSJ, p. 4. Apparently, plaintiff ceased working
2  approximately two and a half years prior to the stroke. AR 264.

3  Plaintiff's claim was denied initially and upon reconsideration. Plaintiff's MSJ at 1. She
4  timely filed a request for hearing before an ALJ. Id. at 1-2. In a decision dated November 25, 2009,
5  the ALJ found that the plaintiff was not disabled under the Social Security Act. AR 33. She
6  evaluated plaintiff's claim of disability using the five-step sequential evaluation process for
7  disability required under federal regulations. See 20 C.F.R. § 404.1520 (2007). At step one, she
8  found that Maldonado had not engaged in substantial gainful activity since November 15, 2007. AR
9  28. At step two, she found that plaintiff had a history of cerebral vascular accident and seizure
10 disorder and that these are "severe impairments." Id. But at step three, she concluded that plaintiff's
11 impairments did not "meet[] or medically equal[] one of the listed impairments in 20 C.F.F. Part
12 404, Subpart P, Appendix 1." AR 29. At step four, she found that Maldonado had the residual
13 functional capacity ("RFC") to perform "a wide range of light work as defined by 20 C.F.R.
14 404.1567(b) and 416.967(b), except for the inability to climb ladders, ropes, or scaffolds, and the
15 need to avoid environments with exposure to unprotected heights and dangerous or moving
16 machinery." Id. Noting the inconsistency between her finding and the plaintiff's assertions as to the
17 intensity, persistence, and limiting effects of her symptoms, the ALJ found that plaintiff's testimony
18 was "not credible" insofar as it contradicted the RFC finding. Id. at 30. At step five, the ALJ found
19 that Maldonado was not capable of performing past relevant work, but that she could perform "light,
20 unskilled work" such as housekeeping. AR 32-33.

21 The Appeals Council denied plaintiff's request for review, and the ALJ's decision became
22 the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

23 LEGAL STANDARD

24 Pursuant to 42 U.S.C. 405(g), this court has the authority to review the Commissioner's
25 decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported
26 by substantial evidence or if it is based upon the application of improper legal standards. Morgan v.
27 Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Moncada v. Chater, 60 F.3d 521,
28 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere

2

1  scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might
2  accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin v. Sullivan,
3  966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to
4  support the Commissioner's decision, the court examines the administrative record as a whole,
5  considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257. Where evidence
6  exists to support more than one rational interpretation, the court must defer to the decision of the
7  Commissioner. Moncada, 60 F.3d at 523; Drouin, 966 F.2d at 1258.

8  DISCUSSION

9  Plaintiff challenges the ALJ's finding on one basis—that the ALJ's determination that
10 plaintiff has no severe mental impairment was not supported by substantial evidence. Plaintiff's
11 MSJ at 6. In support of this claim, plaintiff alleges that the ALJ misinterpreted the treatment records
12 of certain of plaintiff's physicians and improperly discredited testimony by plaintiff's family and
13 friends. Plaintiff also offers new medical records, some of which she submitted to the Appeals
14 Council when requesting review, and some of which post-date the Appeals Council's decision to
15 deny the request for review. Plaintiff's MSJ, Exh. A. Defendant asserts that the ALJ's findings were
16 supported by substantial evidence and free of legal error.

   A. <u>Whether This Court May Consider New Evidence That Postdates the Commissioner's
      Decision</u>

19 In support of her claims, plaintiff presents new medical records that post-date the ALJ's
20 decision and argues that the court may consider this new evidence to determine whether the ALJ's
21 decision was supported by substantial evidence. She offers two categories of new medical records:
22 (1) those that postdate the ALJ's decision, but which she submitted to the Appeals Council when she
23 requested review of the ALJ's decision, and (2) newer medical records that postdate the Appeals
24 Council's decision not to grant her request for review.

25 When the Appeals Council considers evidence submitted by plaintiff after the ALJ's ruling,
26 such evidence is properly part of the AR before the district court. Ramirez v. Shalala, 8 F.3d 1449,
27 1452 (9th Cir. 1993). But, when seeking remand for consideration of new evidence (i.e., evidence
28 submitted after the Commissioner's final decision has been made), a plaintiff "must show that there

3

is: (1) new evidence that is material, and (2) good cause for his failure to incorporate that evidence into the administrative record." Sanchez v. Secretary of Health & Human Services, 812 F.2d 509, 511 (9th Cir. Cal. 1987) (citing Allen v. Secretary of Health & Human Serv., 726 F.2d 1470, 1473 (9th Cir. 1984)). "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir. 2001). New reports made after issuance of the Commissioner's final decision "would be material to a new application, but not probative of [plaintiff's] condition at the hearing." Sanchez, 812 F.2d at 512.

It is uncontroversial that the records plaintiffs submitted to the Appeals Council may be considered by this court in deciding the pending motions. Defendant has not opposed plaintiff's use of these records, and includes them in the AR. See AR pp. 396-431. Accordingly, the court will consider them.

The most recent reports, made after the Appeals Council denied plaintiff's request for review, are a different story. Plaintiff argues that "good cause" exists for this new evidence because the reports were not made until after the Appeals Council issued its final decision. Dkt. No. 14, p. 3. Plaintiff appears to misunderstand what constitutes "good cause." Mayes holds that when a plaintiff obtains new evidence after the Commissioner's final decision has been rendered, she meets the good cause standard by "demonstrat[ing] that the new evidence was unavailable earlier." 276 F.3d at 463 (citing Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985)). Merely obtaining a new report after the ALJ has ruled does not satisfy this standard, as it does not evidence an *inability* to have obtained the evidence in time for the ALJ hearing. See Kay, 754 F.2d at 1551 (finding that where plaintiff seeks a new medical opinion after being denied benefits, the new evidence does not meet the good cause standard). Accordingly, the medical evidence that postdates the Appeals Council's decision is not appropriate for inclusion in the AR and the court will not consider it in its determination of the pending motions. Instead, plaintiff may use this evidence as the basis for a new application for benefits. Sanchez, 812 F.2d at 512.

    B. Whether The ALJ's Analysis of the Mental Health Evidence Was Supported by Substantial Evidence

4

Plaintiff claims that the ALJ, as well as the psychologist on whose diagnosis the ALJ relies most heavily, misread certain of plaintiff's other medical records and therefore came to conclusions unsupported by the record. Plaintiff's MSJ at 7-8. Defendant argues that the ALJ's decision was supported by substantial evidence and was free of legal error. As stated above, the court will consider all medical records included in the AR, but not any medical reports made after the Appeals Council rendered its decision.

The opinion of a treating physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). But, the ALJ can reject a treating physician's opinion if it was "unsupported by rationale or treatment notes, and offered no objective medical findings." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The Secretary must explain why he has rejected *uncontroverted* medical evidence, but can resolve disputes in *contradicted* medical evidence. Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (emphasis added).

In this case, Maldonado underwent evaluation by a variety of physicians and mental health professionals following her stroke. Her treating physician, Kenneth Greene, noted speech limitations, especially an unwillingness or inability to initiate conversation or provide anything more than simple responses. AR 377, 413. A neurologist, Edwin Tasch, treated plaintiff in the months following her stroke and noted that plaintiff and her husband reported some mistakes in "word-finding," with "continued slow improvement in her function." AR 272. In August 2008, psychologist Janine Marinos examined plaintiff and administered several psychological examinations. AR 324. Although plaintiff scored "extremely poor" or "extremely low" on all three exams administered, Marinos concluded that the "test results are not considered valid" and diagnosed plaintiff of malingering. AR 325. After the ALJ had issued her decision, plaintiff saw another psychologist, Erasmo Nevarez, who reported that plaintiff's "[a]ttention and concentration appeared impaired as did both short-term and long-term memory." AR 397. This report was submitted to the Appeals Council, which determined that it did not provide a basis for granting plaintiff's request for review.

The ALJ devoted the majority of her decision to an analysis of the mental health evidence. See AR 30-32. She cited to the reports issued by Drs. Greene, Tasch, and Marinos, concluding that Greene and Tasch did not note severe mental impairments in their treatment notes, while Marinos diagnosed malingering. Id. She noted specific findings in the various medical reports and explained that she found Marinos's conclusion to be the most convincing because none of the doctors' reports indicated that plaintiff was suffering from any severe impairments in speech or function. AR 31.

Plaintiff argues that recent records provided by Greene and Nevarez support a finding of mental impairment. Dkt. No. 11, pp. 8-9. Indeed, the reports submitted to the Appeals Council indicate that plaintiff is experiencing more significant limitations on speech and cognitive ability than were reported in the records submitted to the ALJ. See, e.g., AP 398, 428. However, the relevant inquiry at this stage is not whether there is some evidence to support plaintiff's position, but whether there was substantial evidence to support the finding made by the ALJ. As stated above, where more than one rational interpretation exists based on the evidence, the court must defer to the Commissioner's finding. See Moncada, 60 F.3d at 523; Drouin, 966 F.2d at 1258. Here, the ALJ evaluated all of the evidence regarding plaintiff's mental health, and gave specific and legitimate reasons for discrediting the opinions of Drs. Greene, Tasch, and Nevarez. This court may not substitute its own judgment for the Commissioner's in such a case.

Accordingly, as to plaintiff's claim that the ALJ's mental health finding was not supported by substantial evidence, the plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

C.  Whether the ALJ Properly Discredited Testimony by Plaintiff's Family and Friend

Plaintiff claims that the ALJ improperly discredited testimony by her son, Asedro Juarez, and a friend, Irma Snortum. Dkt. No. 11, p. 9. Lay witnesses, including family members, may give evidence "to show the severity of [claimant's] impairment(s) and how it affects [claimant's] ability to work." 20 C.F.R. 404.1513(d).  Lay witness testimony as to a claimant's symptoms "is competent evidence that an ALJ must take into account," unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). "[T]he fact that a lay witness is a family member cannot be a ground for

rejecting his or her testimony." Regennitter v. Commissioner of SSA, 166 F.3d 1294, 1298 (9th Cir. 1999) (citing Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996)).

The ALJ gave the testimony by both Maldonado's son and Snortum "little weight because although they are certainly consistent with claimant's subject complaints, they are inconsistent with the record as a whole." AR 31. Juarez, Maldonado's 17 year old son, testified that Maldonado was "not the same as she was before" and that she no longer cooked, cleaned, went out alone, or answered the phone. AR 56. He also testified that she would speak with the family even if they did not address her first, and that she would respond to questions they asked her. AR 57. Snortum testified that she had known Maldonado for approximately 20 years, and that Maldonado had become "dead like inside" following her stroke. AR 52. She stated that Maldonado was largely unresponsive and unwilling to speak when Snortum called or visited. AR 52-53.

The ALJ devotes little of her decision to analysis of the lay witness testimony, but she does state that she found Juarez's and Snortum's testimony unconvincing because it did not comport with the record as a whole. AR 31. "Inconsistency with medical evidence" is a germane reason for discrediting the testimony of a lay witness. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). As this court has already stated, it appears from the ALJ's report that she adequately considered all of the evidence in the record, including testimony, and came to a reasonable conclusion about plaintiff's RFC. In doing so, she concluded that the lay witness testimony about the intensity, persistence, and limiting effects of plaintiff's symptoms were not consistent with the record as a whole, especially Marinos's diagnosis of malingering.

Accordingly, as to plaintiff's claim that the ALJ improperly discredited testimony by Juarez and Snortum, the court finds that the ALJ did have a germane reason, and therefore DENIES plaintiff's motion and GRANT's defendant's motion.

D.  Plaintiff's Request for Remand

Plaintiff requests that this matter be remanded for a new hearing to assess the effect of her alleged mental impairment on her ability to work, or, in the alternative, for remand so that the Commissioner may assess the new evidence submitted with the motion. Dkt. No. 11, p. 10. This

7

court does not find it appropriate to remand on either basis. As stated above, plaintiff may instead submit any new medical evidence suggestive of disability in a new application for benefits.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment is DENIED;
2. Defendant's cross-motion for summary judgment is GRANTED; and
3. The Clerk of the Court shall close the file.

Dated: May 29, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-00969 HRL** **Notice will be electronically mailed to:**

Steven Chabre          chabre66@yahoo.com
Susan Smith            Susan.L.Smith@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California